IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **TERRY JUNIOR PETERSON,** | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No.  2:11cv176 |
| | § | |
| **ROBERT A. MORIN, ET AL.,** | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION
### FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the Boyd Unit in Teague, Texas.  Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the conditions of confinement at the Garza West Unit in Beeville, Texas were intolerable and unconstitutional (D.E. 1).  Pending is plaintiff's motion for appointment of counsel (D.E. 3).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create  a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not complex. According to plaintiff, he and other inmates were required to live around raw sewage from broken and stopped up pipes, urinals, sinks, and showers, and the named defendants were aware of the problems and failed to take action to correct the conditions (D.E. 1). Plaintiff also claims that the raw sewage flowed into his bunk area for days at a time (*Id.*), and that he suffered fungal infections, ringworm, and other physical problems as a result of the conditions. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Id. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent, and he understands his claims. At this stage of this litigation, plaintiff can adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. Examination of this factor is premature because the case has not yet been set for trial. In fact, the case has not been screened pursuant to 28 U.S.C. § 1915A. Plaintiff has

been granted *in forma pauperis* status and his case will be scheduled for an evidentiary hearing in the near future.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorney's fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 3) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 1st day of June, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE