UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY JUNIOR PETERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-176 |
| | § | |
| ROBERT A. MORIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER MODIFYING AND ADOPTING
### MEMORANDUM AND RECOMMENDATION ON
### CROSS-MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are competing motions for summary judgment. Plaintiff's Motion for Summary Judgment (D.E. 43) consists of Plaintiff's unsworn declaration under penalty of perjury seeking to establish the underlying facts of his claim as undisputed. Defendants' Motion for Summary Judgment (D.E. 48) raises the issues of failure to exhaust administrative remedies, qualified immunity, and whether facts support any finding of deliberate indifference. On April 5, 2012, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation (D.E. 60), recommending that any claims against the Defendants in their official capacity be dismissed. Otherwise, the Magistrate Judge recommended denial of both motions.

Defendants filed their Objections (D.E. 61) on April 17, 2012. They object to the Memorandum and Recommendation on the basis of Plaintiff's alleged failure to exhaust administrative remedies, Plaintiff's alleged failure to demonstrate a physical injury, and

Defendants' claimed entitlement to qualified immunity. For the reasons set out below, the Defendants' objections are OVERRULED.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has filed this 42 U.S.C. § 1983 claim seeking monetary relief.[1] D.E. 1. The Defendants object to the Memorandum and Recommendation, stating that Plaintiff is required to name the offending individuals in his grievance in order to exhaust administrative remedies as a prerequisite to prosecuting a claim against them for money damages under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

Plaintiff's Step 1 Grievance No. 2011071534 references only Lieutenant James Thompson (Thompson). D.E. 1, p. 8. The Step 1 Grievance No. 2011071535, filed by Rocky Rodriguez regarding the same prison conditions, references Thompson and Captain Hales. D.E. 1, p. 12. Both Thompson and Hales were dismissed as Defendants upon Plaintiff's statement at his *Spears* hearing that he intended to name them only as witnesses, not as party defendants. D.E. 27. The remaining Defendants were not named in the grievances.

The Memorandum and Recommendation asserts that, when general prison conditions are at issue, a grievance that adequately describes the conditions will exhaust administrative remedies if prosecuted to completion. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). In *Johnson,* the plaintiff sued for both damages and injunctive

---

[1] Plaintiff's claims relate to conditions at the Garza West Transfer Facility. Plaintiff is no longer housed there and has asserted no claim for injunctive relief.

relief. Defendants argue that a failure to name specific individuals in a grievance may not be fatal to claims for injunctive relief, but that names are required for monetary relief.

The *Johnson* opinion does not premise its decision on such an injunctive/monetary relief distinction. Instead, it focuses on the prisoner's statement of the problem and whether it was a sufficient alert to prison officials. In fact, the *Johnson* determination was premised on this statement: "We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Johnson*, at 522. This holding was cited with approval in *Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 923 (2007) (holding that prisoners were not required to name individuals in their grievance if the problem was effectively communicated).

In *Johnson*, the prisoner, a homosexual, complained of sexual orientation-based discrimination and he filed his grievance seeking a change in his housing status to escape sexual assaults by fellow inmates. The Fifth Circuit held that those complaints put the officials on notice of the problem of inmate conduct and the need for housing adjustments. They were not enough to alert officials to the conduct of two individual guards who the Plaintiff later accused of failing to protect him on two specific occasions.

The *Johnson* opinion cites *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000), which held that a prisoner could not be required to provide information, including names, in grievances when the prisoner did not have the information (or names) at the time the grievance was filed.

> Each one of those policies [supporting the requirement of exhaustion of administrative remedies] is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. None of those purposes is furthered by requiring a prisoner to do anything more than that—by shutting the courthouse door to a prisoner who, at the time he filed his grievance, did not know and could not readily ascertain the identity of the individuals responsible for the alleged injury or deprivation.

*Id*. In *Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981), the court wrote that it was acceptable for a prisoner to sue high-ranking officials at the pleading stage even if they were not the individuals responsible. That is because those officials were in a position to identify the individual employees responsible for the incident or conditions complained of. Such is required in order to read *pro se* pleadings liberally. *Id*. at 655-56. In particular, because everyone knows who those officials (warden or commissioner) are, they need not be named in the grievance. *Brown v. Sikes, supra* at 1209-10.

Applying these holdings to the instant case, the Defendants are not entitled to judgment based on a failure to exhaust administrative remedies at this time. There is no evidence that Plaintiff knew the identities of the individuals sued and knowingly failed to include them in his grievance. Moreover, he was not required to name the warden in his grievance before suing her because all concerned should know her identity. As a high-ranking prison official who might be able to identify individuals at fault, she is a proper party until Plaintiff has had an opportunity to discover the identities of those at fault. While Plaintiff now seeks monetary relief, nothing about that relief creates a meaningful difference between the unsanitary conditions that were the subject of his grievance and

the unsanitary conditions that are the basis of his lawsuit. Defendants' objection based on failure to exhaust administrative remedies is OVERRULED.

## INJURY REQUIREMENT

Defendants object to the Memorandum and Recommendation, stating that the Plaintiff is not entitled to damages without a showing of physical injury. PLRA, 42 U.S.C. § 1997e(e) (precluding relief for mental or emotional injury without proof of physical injury); *Herman v. Holiday*, 238 F.3d 660 (5th Cir. 2001). Plaintiff's request for relief recites a claim for damages for "physical injury to both his legs." D.E. 1, p. 5. His Declaration more specifically complains of contracting and suffering from a persistent ringworm infection. D.E. 43, p. 1. His grievance mentioned a fungus he allegedly caught from the shower area of the facility.

Defendants seek to eliminate the claim of physical injury with the affidavit of Steven Bowers, M.D., attached as Exhibit C to their Motion. Dr. Bowers attests that ringworm and fungal infections are more likely to occur in patients with decreased immune systems, like Plaintiff's Chronic Hepatitis C and Diabetes Millitus. He also testified that a warm, moist environment and a lack of personal cleanliness can contribute to the infection, including contact with other infected people, and unclean clothes or towels. "In summary, in Mr. Peterson's case, there were several possibilities as to how he could contract a superficial fungal infection and with his attendant medical diagnoses, a dirty shower is way down the list of possible sources." *Id*.

The Memorandum and Recommendation implicitly accepted Dr. Bowers' affidavit as destroying the claim of causation of a physical injury but held that a physical injury

was not required in order to prevail on the Plaintiff's Eighth Amendment claim. The Court, however, holds that a physical injury is required because the Plaintiff has stated a claim for monetary relief only. *E.g., Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001). Yet the evidence offered has not ruled out a physical injury claim.

Dr. Bowers' medical opinion, rather than eliminating Plaintiff's claim of physical injury, provides a medical basis for finding that the conditions of which Plaintiff complains (which go beyond just a dirty shower) are consistent with his physical injury in the nature of a fungal or ringworm infection. Dr. Bowers did not rule out the prison conditions as a cause of the physical injury. Thus, Plaintiff was not required to controvert Dr. Bowers' medical opinion in order to raise a fact issue for the jury. Defendants are not entitled to summary judgment on this ground. Defendants' objection, claiming that Plaintiff cannot prove a physical injury is OVERRULED.

## CONSTITUTIONAL VIOLATION AND QUALIFIED IMMUNITY

The Plaintiff's burden to rebut the defendants' qualified immunity defense is met "by establishing a genuine fact issue as to whether the [defendants'] allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied*, 131 S.Ct. 2932, 180 L.Ed.2d 225 (2011). A prison official violates the Eighth Amendment when (1) the deprivation alleged is "objectively, sufficiently serious," that is, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities," and (2) the prison official's "state of mind is one of deliberate indifference to inmate health or safety." *Farmer v. Brennan*,

511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks and citations omitted).

Defendants only challenge the evidence as it relates to the first element. The conditions of confinement that the Plaintiff had to endure are questions of fact. Whether, once they are established, those circumstances rise to a violation of the prohibition against cruel and unusual punishment is a question of law. *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004). Defendants do not seek to disprove the factual basis of Plaintiff's claims regarding the conditions at the facility. Instead, they claim that, accepting Plaintiff's pleadings as true, the unsanitary conditions described by Plaintiff are not sufficiently extreme or persistent to constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment.

Interpreting the pleadings and the evidence in the light most favorable to Plaintiff, this Court cannot agree with Defendants that they have eliminated Plaintiff's claim. Looking at the Step 1 and Step 2 Grievances, alone, Plaintiff complains of serious problems persisting over a five-week span. Plaintiff's description of the unsanitary conditions, the requests for cleanup and repairs, and the chronic nature of the problems is sufficient to state a claim that the conditions of confinement amounted to cruel and unusual punishment. D.E. 1 (Complaint, Grievances, Sick Call Requests, Prisoner Statements); D.E. 43 (Plaintiff's Declaration); Evidentiary Hearing July 7, 2011.

Because Defendants do not object to the Magistrate Judge's recommendations regarding the second element, deliberate indifference, Plaintiff's claims have sufficiently

rebutted Defendants' qualified immunity defense. Defendants' objection on that basis is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as **MODIFIED** herein. Accordingly, any claims against Defendants in their official capacities for money damages are **DISMISSED** as barred by the Eleventh Amendment. Defendant's Motion for Summary Judgment (D.E. 48) is **DENIED** and Plaintiff's Motion for Summary Judgment (D.E. 43) is **DENIED** and all claims against all Defendants in their individual capacities shall proceed to trial on the merits.

ORDERED this 15th day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE